## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**CHRISTOPHER WAYNE GOODRUM, SR.,**
**ADC # 114004**                                                                    **PLAINTIFF**

**V.**                                    **No. 5:09CV00343-BSM-BD**

**GERALD ROBINSON, et al.**                                                **DEFENDANTS**


### RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**:

The following recommended disposition has been sent to United States District

Court Judge Brian S. Miller.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of this Recommended Disposition.  A copy will be

furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

II.    **Discussion**:

On November 4, 2010, Plaintiff Christopher Wayne Goodrum, a former pretrial

detainee at the Jefferson County Detention Facility, filed this lawsuit under 42 U.S.C.

§ 1983.  (Docket entry #2)  He was granted leave to proceed *in forma pauperis* on

November 9, 2009.

In his complaint, Mr. Goodrum claimed that: (1) during the last week of November

2008, Defendant Christie Ford threw away his dentures; (2) on April 8, 2009, Defendant

Ford, a female officer, conducted a pat down search of Mr. Goodrum while he was nude;

(3) on April 16, 2009, Defendant Adams ordered that Mr. Goodrum be placed in lock-

down for ninety-six hours without recreation time; (4) Defendant Ford denied Mr.

Goodrum due process for a disciplinary that he received on April 8, 2009; and (5) the

conditions of his confinement were unconstitutional.

The Court dismissed Mr. Goodrum's claims regarding the loss of his dentures and

the conditions of his confinement.  (#13)  Defendants then filed a motion for summary

judgment arguing that, viewing the facts in the light most favorable to Mr. Goodrum, the

Defendants' conduct was not a constitutional violation and that the they were entitled to

judgment as a matter of law.  (#36)  Mr. Goodrum did not respond to the motion.

On October 20, 2010, this Court issued a partial recommended disposition

recommending that the motion for summary judgment be granted in part and denied in

part.  The next day, this Court issued an order directing Mr. Goodrum to submit a status

2

report and a current request to proceed *in forma pauperis* within thirty (30) days, based on the fact that he had been released from custody.  Mr. Goodrum was cautioned that if he did not comply with the order, his case could be dismissed under Local Rule 5.5.

On December 6, 2010, Defendants filed a motion to dismiss this action under Local Rule 5.5 based on Mr. Goodrum's failure to comply with this Court's October 21, 2010 order.  Mr. Goodrum filed an objection to the partial recommended disposition.  The District Court rejected the recommendation and ordered Plaintiff to respond to the pending partial recommended disposition regarding the motion for summary judgment. Mr. Goodrum did not respond to the order.

On January 13, 2011, the Defendants filed a second motion to dismiss arguing that Mr. Goodrum's case should be dismissed for his failure to file an objection to the pending partial recommendation.  (#63)  Because parties are rarely required to file such an objection, the Court denied that motion and allowed Mr. Goodrum an additional thirty days to file an updated request to proceed *in forma pauperis*.  (#64)  Mr. Goodrum was specifically cautioned that his failure to respond to the order would result in the dismissal of his case without prejudice.  (#64)  Mr. Goodrum has failed to respond to this Court's February 2, 2011 Order, and the time to do so has now passed.

The Defendants have now filed a third motion based upon Mr. Goodrum's failure to respond to this Court's order.  (#68)  The motion to dismiss should be GRANTED.

**III.** **Conclusion:**

The Court recommends that the Defendants' third motion to dismiss (#68) be

GRANTED and that Plaintiff's claims be dismissed without prejudice.

DATED this 9th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE